# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| M.B. BARGE CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0686-WS-N |
| | ) |
| KUDZU MARINE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on a motion to dismiss filed by defendant F. Javier Brito, and on his alternative motion to require the plaintiff to plead fraud with particularity. (Doc. 58). The parties have filed briefs in support of their respective positions, (Docs. 58, 63, 64), and the motions are ripe for resolution. After careful consideration, the Court concludes that both motions are due to be denied.

## BACKGROUND

According to the second amended complaint, (Doc. 49), the plaintiff by bareboat charter agreement chartered two barges to defendant Kudzu Marine, Inc. ("Kudzu"). Kudzu is in breach of both agreements. Brito and two other defendants are shareholders in Kudzu. After this suit was filed, the plaintiff directly notified the shareholders that the plaintiff intended to enforce any judgment against Kudzu by moving against that entity's only two appreciable assets: the barge KDZ 1801 and the tug Sandra Ann. Kudzu thereafter sold both vessels for substantially less than their fair market value. The barge was sold for approximately $415,555.00, almost exactly the secured debt on the barge but far below the $1,040,000.00 that Kudzu paid for the barge four years earlier. By selling for just enough to pay off the balance on the preferred ship mortgage, the shareholders effected the cancellation of their personal guaranties of the indebtedness while leaving no

excess funds to satisfy Kudzu's debt to the plaintiff. The sale of the two vessels rendered Kudzu insolvent. The sales were concealed from the plaintiff.

The second amended complaint includes two claims against Brito. Count Three, which is styled, "Breach of Contract/Charter Agreement – Shareholders," alleges that Brito and the other shareholders "fraudulently transferred and/or conveyed substantially all assets of Kudzu [in order] to avoid Kudzu's debts" to the plaintiff and that they did so "with intent to hinder, delay and/or defraud" the plaintiff. Count Three alleges that the shareholders' "fraudulent transfer … renders them personally liable" for Kudzu's debts, and it seeks recovery of all sums owed under the charter agreements as well as additional damages. (Doc. 49 at 13-14).

Count Five, which is styled, "Piercing the Corporate Veil – Shareholders," alleges that the shareholders "conceived and operated Kudzu for the fraudulent purpose of avoiding debts incurred to" the plaintiff, that the sale of the two vessels left Kudzu "inadequately capitalized for the purposes of operating its business," and that the shareholders' "fraudulent use of Kudzu and Kudzu's inadequate capitalization renders them personally liable for the debts of Kudzu to the Plaintiff." Count Five again seeks recovery of all sums owed under the charter agreements, plus additional damages. (Doc. 49 at 15-16).

**DISCUSSION**

With respect to Count Five, Brito asserts that Alabama permits piercing of the corporate veil only in a select few situations. (Doc. 58 at 4; Doc. 64 at 2 (citing *Simmons v. Clark Equipment Credit Corp.*, 554 So. 2d 398, 401 (Ala. 1989)). Even if (as appears unlikely) this portion of *Simmons* provides an exhaustive list and not merely a representative one, the first item on its list permits the veil to be pierced "where a corporation is set up as a subterfuge." 554 So. 2d at 401. Since Brito relies primarily and almost exclusively on *Simmons*, and since neither he nor *Simmons* explains what is meant by "subterfuge," Brito has not shown that the allegations of the second amended complaint fall outside its scope.

Moreover, and as the plaintiff notes, *Simmons* also states that, "[t]o pierce the corporate veil, a plaintiff must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences." 554 So. 2d at 401. The sale of substantially all corporate assets at great loss to the corporation but with large economic benefit (cancellation of guaranties) to the selling shareholders, done with actual knowledge of this pending lawsuit and of the necessity of those assets to satisfy any judgment for the plaintiff, may plausibly be viewed as resulting in injustice or inequitable consequences. That the second amended complaint does not use the term "injustice or inequitable consequences" is of no moment, since a complaint is adequate if it contains "inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted). Brito offers no response to the plaintiff's argument.

As an alternative argument, Brito argues that, because Count Five alleges that the shareholders operated Kudzu for a fraudulent purpose, the plaintiff must plead fraud with particularity. (Doc. 58 at 4-5). He cites no authority for the proposition that Rule 9(b) applies in such a context. Assuming without deciding that the rule does apply, the only material Brito seeks is a statement of "what specific acts Brito (or the other shareholders) committed that acted as a fraud upon Plaintiff." (Doc. 58 at 5). But the second amended complaint already provides this information in describing the shareholders' sale of Kudzu's only significant assets at great loss (but with great personal benefit) while knowing that Kudzu had been sued and that the assets were the only source for paying a judgment for the plaintiff.[1]

Brito concedes that Count Three "is dependent upon … piercing the corporate veil of Kudzu Marine." (Doc. 64 at 3). Since Brito is not entitled to dismissal of Count Five,

---

[1] Brito improperly limits his consideration to the allegations found in the body of Count Five, ignoring the extensive factual allegations that precede it, even though they are incorporated by reference into Count Five.

neither is he entitled to dismissal of Count Three. The Court therefore does not address the plaintiff's argument that it may pursue Count Three even absent a piercing of the corporate veil.

## CONCLUSION

For the reasons set forth above, Brito's motion to dismiss and alternative motion to require the plaintiff to plead fraud with particularity are **denied**.

DONE and ORDERED this 4th day of November, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE