IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| M.B. BARGE CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0686-WS-N |
| | ) |
| KUDZU MARINE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's consent motion to alter or amend. (Doc. 149). The Court has by previous order granted the motion in part by extending by ten days the deadline for reinstating the action on the grounds the settlement agreement documentation has not been consummated. (Doc. 151).

The motion states that the defendants have not yet made the payments required by the settlement agreement ("the Agreement") and that, pursuant to the Agreement, the plaintiff retains the right to seek reinstatement of the action should full payment not be made by approximately January 13, 2015. The Agreement also provides that, should any defendant file for bankruptcy within the voidable-preference period of 11 U.S.C. § 547(b) (presumably, within 90 days after making a payment to the plaintiff), the plaintiff may seek reinstatement. The plaintiff seeks an order providing "that the Plaintiff shall have a right to reinstate this action in accordance with the terms of the settlement agreement" as described above. (Doc. 149 at 2).

There are at least three difficulties with the motion. The first is that it seeks to expand the grounds for reinstating the action beyond those set forth in the Court's order entered on November 12, 2014. (Doc. 148). Pursuant to that order, reinstatement is available only if the parties have not reduced their settlement to a

written, signed document.  Before entering its order, the Court provided the parties an opportunity to show cause why such an order, with such a provision, should not be entered.  (Doc. 146).  The defendants filed no response, and the plaintiff's only response was the irrelevant observation that the settlement papers had not yet been executed.  (Doc. 147).  Thus, the governing order was entered only after the parties declined to object to it, and the instant motion is a post hoc effort to alter an order to which the parties previously consented.

The second difficulty with the motion is that it runs counter to the purpose and effect of a settlement, particularly one resulting in dismissal of the action.  Upon entering a settlement – especially once that settlement has been reduced to a written, signed document – the parties' rights in the controversy are transferred to the agreement.  If a party breaches the agreement, the non-breaching party has as its recourse a civil action for breach of contract, with a remedy of damages or specific performance.  *E.g., Keeling v. Sheet Metal Workers International Association, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) ("In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not … reopen the underlying litigation after dismissal.").  That the parties agreed among themselves to a reinstatement option, without seeking or obtaining the Court's consent, does not bind the Court.

The third difficulty with the motion is that granting it would potentially embroil the Court in enforcing the parties' settlement.  Nominally, the parties seek only the ability to reinstate the action, but the Agreement, although it identifies events of default that would trigger a right to reinstate, does not specify when reinstatement must be sought relative to the occurrence of a triggering event.  Any dispute concerning the timeliness of a reinstatement effort would thus require the Court to determine the intent and effect of the Agreement and enforce the Agreement according to such determination.  (Although less likely, much the same can be said of any dispute concerning whether an event of default has occurred.)  The Court has intentionally avoided retaining jurisdiction for the purpose of

enforcing the parties' settlement agreement,[1] and it has been offered no reason it should retreat from that position now.

For the reasons set forth above, the motion to alter or amend is **denied**.

DONE and ORDERED this 29th day of December, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See generally Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381 (1994) (identifying means by which a trial court may retain jurisdiction for that purpose).